ADA McCOY v. I. H. VANHOOK and DELIA VANHOOK; CHARLES A. ROGERS, Executor; NORA VANHOOK, ANNIE VANHOOK, HARVEY D. VANHOOK, LEX VANHOOK and KATE VANHOOK.

(Filed 28 February, 1940.)

Appeal by plaintiff from *Pless, J.,* at December Term, 1939, of Macon. No error.

This was a civil action instituted in Macon Superior Court by the plaintiff, Ada McCoy, against the defendants, to recover judgment on a note owned and held by plaintiff against the defendant I. H. Vanhook, and to have I. H. Vanhook, a nonresident, declared the beneficial owner of the land described in the complaint and a trust declared therein and subjected to the payment of said indebtedness.

Since the institution of the suit Delia Vanhook has died leaving a will and testament naming Chas. A. Rogers as executor of her estate, and devising all property claimed by her, real and personal, including the subject matter of this action, to Nora Vanhook, Annie Vanhook, Harvey D. Vanhook, Lex Vanhook and Kate Vanhook, who were made parties to the action.

The issues submitted to the jury and their answers thereto were as follows:

"1. Is I. H. Vanhook indebted to the plaintiff, and, if so, in what amount? Ans.: 'Yes, $1,970.74.'

"2. Did I. H. Vanhook furnish money with which to purchase the land described in the complaint? Ans.: 'No.'

"3. If so, what amount? Ans.: 'Nothing.'

"4. At the time of furnishing said money did I. H. Vanhook retain, in the State of North Carolina, sufficient property available for the satisfaction of his then creditors? Ans.: 'No.'

"5. If so, was the money so furnished by I. H. Vanhook derived from property in North Carolina then available for the satisfaction of his then creditors? Ans.: 'No.'

"6. Did his so furnishing such money hinder, delay or defeat the plaintiff in the collection of her debt against I. H. Vanhook? Ans.: 'No.'

"7. Did Annie Vanhook furnish money with which to purchase the land described in the complaint, and, if so, what amount? Ans.: 'Yes, $400.00.' "

The court below rendered judgment on the verdict. The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Gray & Christopher for plaintiff.*
*Jones & Jones and G. L. Houk for defendants.*

Per Curiam. After reading the record and able briefs of the litigants we do not think that any of the exceptions and assignments of error made by plaintiff can be sustained. The controversies were mainly those of facts, which outside of the issue of indebtedness found for plaintiff against I. H. Vanhook, were found for defendants.

We think that the exceptions and assignments of error made by plaintiff to evidence and the charge of the court below were not to her prejudice.

The setting is of interest: The plaintiff recovered a judgment against I. H. Vanhook for a deficiency in a land mortgage held by plaintiff, which she claimed was worthless mountain land. Nora Vanhook, one of the defendants, lives at the old Vanhook Home Place in Macon County, N. C. At the time of the trial she was about 78 years of age. I. H. Vanhook, on 11 November, 1891, left for Alaska. There were left at home Delia Vanhook, Nora Vanhook, R. A. Vanhook, who married Annie Vanhook. The two sisters whom I. H. Vanhook left at the Old Home Place loaned him every cent of their money to start life with, and this he paid back. Nora Vanhook testified, in part: "My sister, my youngest brother and myself looked after our parents, and Harve (I. H. Vanhook) sent us money to help us. Harve Vanhook never sent any money to me for the purpose of buying him any land. If he wanted any land he would have come and bought it. Harve never did tell me he wanted any of this money sent me to buy land for him. We were trying to save our home and saved every penny we could get. My sister-in-law put in four or five hundred dollars, and my sister and I put in every penny we could get. My brother has sent us money since he has been there. We paid off these obligations. We were not buying any land for him. When we needed money to pay off these obligations my

brother would send it to us if he had it." It seems that I. H. Vanhook was never unmindful of his duty to see that his aged unmarried sisters did not want for proper shelter, or the other necessities of life. And during the one-half century of his absence, this obligation, from the evidence, was faithfully carried out. He sent money when called upon, without restriction as to its application.

The court below charged the law applicable to the facts fully and carefully. The jury has found the main issues in favor of the defendants. We can see no reason to disturb the verdict or judgment rendered thereon.

No error.